United States District Court
For the District of Columbia

FILED

NOV 1 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Monty Briscoe-El, Pro Se - Petitioner,
D.C.D.C.# /204-884
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1A-28
Washington, D.C., 20003.

Civil Action No. ____

CASE NUMBER   1:05CV02240

JUDGE: Henry H. Kennedy

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 11/17/2005

V.

Michael J. Gaines, Et Al., Chairman,
Edward F. Reilly, Jr., Commissioner, Et Al.,
Cranson J. Mitchell, Commissioner, Et Al.,
John Simpson, Commissioner, Et Al.,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815. Respondents;

And

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E.
Washington, D.C., 20003. Respondent.

RECEIVED

OCT 2 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(i)

1

Application And Petition For An Emergency Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C.A. §§ 2241 Et Seq. And 28 U.S.C.A. §2243 To forthwith Reverse The Prejudicial Disscission's Reached By The United States Parole Commission's Chairman And Commissioner That Their Solicitation Of Knowingly False Testimony By Their Adverse Witness Shelly Renee Harvin Whom falsely Testified Before The D.C. Superior Court Against This Petitioner In: United States Of America V. Monty Briscoe-El, Criminal Case No. DV-1248-05, Where Petitioner Was Found Not Guilty By the Honorable Superior Court Judge Maurice Ross On 7/11/05 And Out Of Vindictive Retaliation The United States Parole Commission Utilize The Knowing false Testimony To Revoke Petitioners Parole

Comes now, the pro se-petitioner Monty Briscoe-El, (D.C.D.C.# 204-884, respectfully moves this Honorable Court pursuant to the Above forementioned Cause for relief, pursuant to 28 U.S.C.A. §2241 Et Seq,

(2)

And 28 U.S.C.A. §2243 et seq. As grounds for this relief the pro se - petitioner Monty Briscoe-El, respectfully states:

## Jurisdiction

Jurisdictional authority is vested pursuant to 28 U.S.C.A. § 2241 et seq.

Jurisdictional authority is further vested pursuant to 28 U.S.C.A. § 2243.

Jurisdictional authority is further vested upon petitioner was originally arrested and presented before the D.C. Superior Court for the District of Columbia in: United States of America V. Monty Briscoe-El, Criminal Case No. DV-1248-05, petitioner was originally charged for "Simple Assault" and "Domestic Violence". A bench trial before the D.C. Superior Court was conducted and the same government witness Shelley

(3)

Renee Harvin, testimony before the D.C. Superior Court in: United States of America V. Monty Briscoe-El, Criminal Case No. DV-1248-05, was a "complete distortion of the truth," "wholly unbelievable," "A complete work of fiction," resulting in her "perjured testimony." The Court before the Honorable Judge Maurice Ross found petitioner "not guilty."

However, the United States Parole Commission's Respondents took it upon themselves, prejudicially to solicitate the knowing "false statements" of formal government witness Shelley Renee Harvin whom "perjured" herself before the D.C Superior Court in: United States of America V. Monty Briscoe-El, Criminal Case No. DV-1248-05, against this same petitioner, was prejudicially allowed a "second bite of the apple" in her personally vindictive pursuit of petitioner, which was orchestrated and promoted by these Respondents whom revoked petitioners parole upon knowingly false testimony of adverse witness Shelley Renee Harvin. Said in a clear violation of petitioners fifth Amendment rights under the due process clause of the United States Federal Constitution.

(4)

## Constitutional Violations

See U.S.C.A. Const. Amend. V.
V.S.C.A. Const. Amend. VI.

## Procedural Regulations Violated

Respondents, United States Parole Commission violated the provisions originally set forth in this Courts Injunction Order from: Long v. Gaines, 167 F. Supp. 2d 75 (D.C. 2001).

See Procedural Regulations Violated here are: 28 C.F.R. § 2.105(c), 28 C.F.R. § 2.70 Et Seq.

See Also 28 C.F.R. § 2.101 (A), 28 C.F.R. § 2.101 (d), 28 C.F.R. § 2.101 (d)(2), 28 C.F.R. § 2.102 (f), 28 C.F.R. § 2.103(a), 28 C.F.R. § 2.103 (d), 28 C.F.R. § 2.105 (c) Et Seq.

## Law Violations

See Morissey v. Brewer, 408 U.S. 471, 484-86, 92 S.Ct. 2593

(5)

(1972).

See Also County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L. Ed. 2d 49 (1991). Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L. Ed. 2d 54 (1975); Mooney v. Holohan, 294 U.S. 103 (1935); Carter v. Texas, 177 U.S. 442, 447, 20 S.Ct. 687, 689; Rogers v. Alabama, 192 U.S. 226, 231, 24 S.Ct. 257; Chicago, Burlington & Quincy R. Co. v. Chicago, 166 U.S. 226, 233, 234, S., 17 S.Ct. 581; Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L. Ed. 214 (1942); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L. Ed. 2d 1217 (1959); United States v. Bagley, 473 U.S. 667, 678-80, 105 S.Ct. 3375, 3381-82, 87 L. Ed 2d 481 (1985); Brady v. Maryland, 373 U.S. at 87, 83 S.Ct. at 1197; Dent v. West Virginia, 129 U.S. 114, 123 (1889); United States v. Tucker, 404 U.S. 443, 447-49 (1972); United States v. Pugliese, 805 F. 2d 1117, 1124 (2d Cir. 1986); Long v. Gaines, 167 F. Supp. 2d 75 (D.C. 2001); Crawford v. Washington, 124 S.Ct. 1354, 158 L. Ed. 2d

177. (S. Ct. 2004), *Ash v. Reilly*, 354 F. Supp. 2d 1 (D.D.C. 2004);

*United States ex rel. Sims v. Sielaff*, 563 F. 2d 821 (1977);

*United States ex rel. Fitzpatrick v. United States Parole Commission*,

444 F. Supp. 1302 (M.D. Pa. 1978); *Morrissey v. Brewer*, 92 S.Ct. 2593

(1972); *Downie v. Klincar*, 759 F. Supp. 425 (N.D. Ill. 1991),

*Hewett v. Kennedy*, 94 S.Ct. 1633 (1974); *Apprendi v. New Jersey*,

Certiorari to the Supreme Court of New Jersey, No. 99-478,

Argued March 28, 2000 -- Decided June 26, 2000.

## Statement

Petitioner *Monty Briscoe-El*, (D.C. D.C. # 204-884), is

detained by Respondents in violation of his fifth amendment

rights to due process, and his sixth amendment rights to a

fair and impartial decision maker. *See Wolf v. McDowell*,

418 U.S. 539, 558 (1974) (citing *Dent v. West Virginia*,

129 U.S. 114, 123 (1889),

*See Also Morrissey*, 408 U.S. at 482, 92 S.Ct. 2593.

(7)

In Morrissey, the Supreme Court established that despite their limited rights, parolee's retain a liberty interest in their freedom, 408 U.S. At 482, 92 S.Ct. 2593.

Given this interest, the Court held that probable cause decisions must be made "as promptly as convenient after Arrest." 408 U.S. At 485-88, 92 S.Ct. 2593. See Barker v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972); Rouse v. Cameron, 373 F. 2d 451, 457 (D.C. Cir. 1966)(a "(c)ontinuing failure to provide suitable... treatment cannot be justified by lack of staff or resources"); Detainees of Brooklyn House of Detention for Men v. Malcolm, 520 F.2d 392 (2nd Cir. 1975)("inadequate resources of finances can never be an excuse for depriving detainees of their constitutional rights.")

Given those statements, Respondent's cannot justify their overzealousness in the solicitation of knowingly false allegations

(8)

Made by it's witness Shelley Renee Hanvin, whom prejudicially sought to hurt this petitioner out of jealousy and vindictiveness by further promoting knowingly false allegations to revoke this petitioners parole. Barnett V. Malley, 567 P. 2d 482, 90 N. M. 633 (N.M.). Commonwealth V. Holmes, 375 A. 2d 379, 248 Pa. Super. 552; People ex rel. Flores V. Dalsheim 413 N.Y.S. 2d 188, 66 A. D. 2d 381; United States ex rel. Sims V. Sielaff, 563 F. 2d 821; United States ex rel Fitzpatrick V. United States Parole Commission, 444 F. Supp. 1302, Commonwealth V. Vasquez, 389 A. 2d 111, 255 Pa. Super. 545 (Pa.)

## Federal Question

A) Does perjured testimony or erronious, false statements validate probable cause findings?

B) Or, does perjured testimony or erronious, false statements equate probable cause findings for parole revocation purposes?

(9)

## Custodian

Petitioners Custodian is: Warden Fred E. Figueroa, Warden C.C.A. (D.C.) C.T.F., 1901 "E" Street, S.E., Washington, D.C., 20003. See Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L. Ed. 243 (1944).

See Also Rumsfeld v. Padilla, _ U.S. __, 124 S.Ct. 2711, 159 L. Ed. 2d 513 (2004). See Id., 124 S.Ct. at 2721.

See Also Gant v. Reilly, 224 F. Supp. 2d 26 (D.D.C. 2002). Ash v. Reilly, 354 F. Supp. 2d 1 (D.D.C. 2004).

## Statement Of Facts

First off, allow me to stress that because of the traitorous lies told against me by my former girlfriend Ms. Shelly Renee Harvin at trial before the D.C. Superior Court, so affected me by her treacherous disloyalty to me

(10)

that I experienced a temporary condition called "Post Traumatic Stress Syndrome," a medical condition that sometimes comes about by highly stressful situations and that "any" statements I may have made before the United States Parole Commission without the proper advisement of counsel, should not, cannot be deemed valid.

Now, on September 3rd, 2004, I was working the back-up shift on my job and my hours were somewhat crazy. Anyway, when I came home at around 1:00 P.M., and laid in bed next to my formal girlfriend, then my girlfriend Ms. Shelley Renee Nauvin, I asked her to have sex with me, and she said no unless I allow her to use my truck. At that point I said that all your girlfriends said that I shouldn't waste my time hooking up with you and I said I should have lission to them. As I got up from

(11)

the bed and proceeded to collect all my cloths and put them in a large plastic bag, my format girlfriend Ms. Shelley Renee Harvin began having a hysterical incident which caused her to cry, yell and scream, and hit me repeatedly. She tore a hole in the plastic bag and snatched some of my cloths and snatched the front door open which hit her in the head, she stoped yelling and screaming and said, ("look what you made me do...") Her daughter witness these events Ms. Raymesha Harvin and it was Ms. Shelley Renee Harvin's daughter in Court Ms. Raymesha Harvin that caused or helped the Court see through the lies told under oath by government witness Ms. Shelley Renee Harvin. It was clear that the United States Parole Commission was soliciting Ms. Shelley Renee Harvin's false statements

And utilized them to _revoke_ petitioners conditional liberty prejudically.

_See Also_ exhibit (A) (Court Dispositions).

_See Also_ exhibit (B) (U.S. Parole Commission's References).

This concludes my statement of facts.

## Fact I

Respondent's United States Parole Commission violated the 2 to 5 day review upon Arrest, in: _Long V. Gaines, 167 F. Supp. 2d 75 (D.C. 2001)_ here petitioner turned himself into police on April 19th, 2005, A.D., the United States Parole Commission issued its warrant upon the "_old_" violations on 2/15/05, but failed to see petitioner until April 25th, 2005, A.D. Thus, the "_old_" violations should be vacated or squashed from the record. Petitioners new Arrest and trial and vindication before the (D.C. Superior Court on the Domestic Violence Case (DV-12-48-05 on 7/11/05, brought about addictional punishment of 56 month's upon knowingly _false testimony_ by my formal girlfriend Shelley Renee Harvin.

(13)

As presented here, the petitioner suffered from "Post Traumatic Stress Syndrome", a medical condition for which petitioner should never been allowed to be interrigated by "any" parole authority until after the effects of the "Post Traumatic Stress Syndrome" had been eradicated and petitioner cleared by a professional medical doctor's whom was an expert in working with people whom suffered "Post Traumatic Stress Syndrome." The Due Process Clause would adcept nothing less than appropriate medical care for "Post Traumatic Stress Syndrome," anything less must be deemed uncivil, in our modern day society. Thus, because petitioner went untreated for "Post Traumatic Stress Syndrome", which is a serious valid medical condition that sometimes comes about by

(13-1)

"_highly stressful situations_" And petitioner should never have been interrogated during this period and without the benefit of competent counsel.

Thus, we find that the delay here, from petitioners arrest, to his viewing before the United States Parole Commission was unreasonable citing: Long V. Gaines, 167 F. Supp. 2d 75 (D.C. 2001).

See Also Morrissey V. Brewer, 408 U.S. 471, 484-86, 92 S.Ct. 2593 (1972).

Arugument II:

Thus, we further find that the decision maker, i.e. "_parole examiner_" was _partial_ towards the "_false statements_" orchestrated by its _perjurious_ witness Ms. Shelley Renee Harvin.

See Wolf V. McDonnell, 418 U.S. 539, 558 (1974)(citing Dent V. West Virginia, 129 U.S. 114, 123 (1889).

(14)

Under the (Due Process Clause of the Fifth Amendment
the petitioner was legally entitled to a "fair" and "impartial"
parole examiner which he was denied. Violation: U.S.C.A. Const. Amend.
V.

Said is also violative of the equal protection clause Under the Fifth
Amendment. See Wolff v. McDonnell, 418 U.S. 539, 558 (1974)(
citing Dent V. West Virginia 129 U.S. 114, 123 (1889).

Whereas, my federal constitutional rights have been violated by
Respondent's and their agent's prejudically.

Relief Sought

To have the decisions by the United States Parole Commission
to revoke my parole be Ordered expel from the record,
that I be provided a new hearing or released by the Court
to conditional release back to society.

(15)

# Conclusion

That in the interest of justice, we recognize that any deprivation of that liberty is quite serious. See Gagnon v. Scarpelli, 411 U.S. 778, 781, 93 S. Ct. 1756, 1759, 36 L. Ed. 2d 656 (1973), the liberty associated with parole status, although not absolute, is extremely valuable; see Morrissey v. Brewer, 408 U.S. 471, 480, 482, 92 S. Ct. 2593, 2599, 2600, 33 L. Ed. 2d 484 (1972). The hearing originally provided for this petitioner by the Respondents, United States Parole Commission was nothing more than a shallow event where perjured testimony and false statements ran rapid by the United States Parole Commission's ("key") witness Shelley Renee Marvin whom knowingly sang a song of

(16)

"_false representation's_" that the United States Parole Commission

promoted, making the most critical process of the revoking

process nothing more than a _sham_ upon due process.

Here, there was _no_ ("recognized indicia of truth") in the

United States Parole Commission's Witnesses testimony as

required under: _Prellwitz V. Berg_, 578 F. 2d 190, 192

(7th Cir. 1978) nor as cited in: _Faheem-El V. Klincar_,

620 F. Supp. 1308, 1323 (N.D. Ill. 1985), rev'd on other

grounds, 841 F. 2d 712 (7th Cir. 1988)(en banc). _See_

_United States V. Smith_, 571 F. 2d 370, 374 n. 4 (7th Cir. 1978).

Without "_any_" ("recognized indicia of truth") presented by

the United States Parole Commission's Witnesses, revocation of

petitioners parole violated due process safeguards under

the Fifth Amendment. _See United States V. Ware_, 247

F. 2d 698, 700 (7th Cir. 1957).

See Also Ash V. Reilly, 354 F. Supp. 2d 1 (D.D.C. 2004), Crawford V. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L. Ed. 2d 177 (2004), United States V. Jarvis, 94 Fed. Appx. 501 (9th Cir. 2004)( holding that the right to confrontation and thus Crawford v. Washington, applied to parole revocation hearings), which explains why the police failed to show-up At this parole revocation hearing because they knew the witness Shelley Renee Harvin had lied, just as she was caught having lied in the criminal case before the Superior Court of the District of Columbia against this (same) petitioner in Criminal Case No. DV-1248-05, where she was contridicted by her own daughter Ms. Jaymesha Harvin whom exposed her mothers testimony as being A farce, wholly unbelievable and A complete fabrication of the truth. A man should not loose his conditional liberty over "false allegations."

(18)

See <u>United States ex rel. Sims v. Sielaff</u>, 563 F. 2d 821 (1977).

Finally, should the Court Order a re-hearing to insure that the due process safeguards of petitioner not again be aborted, we ask that this Honorable Court appoint competent counsel. See <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

Wherefore, based upon these facts we ask that the Court issue it's <u>Show Cause Order</u> upon Respondent's and upon any answer submitted by Respondents, that the relief sought by this Petitioner be granted.

This being the 21 day of OCTOBER 2005, A.D.

Monty Briscoe-El

Monty Briscoe-El, Pro Se Petitioner
D.C.D.C. # 204-884
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1A
Washington, D.C., 20003.
(19)

Sworn Declaration

I, MONTY BRISCOE EL , D.C.D.C.# 204-884,

Being Of Sound Mind, Do Verify, Certify, Swear Under Penalty Of Perjury That The Information And Statements Made Here Are True And Correct.

Monty Briscoe el
Monty Briscoe-El, Swearee
D.C.D.C.# 204-884

This Being The 21 Day

Of OCTOBER 2005, A.D.

Monty Briscoe el
Monty Briscoe-El, Pro Se-Petitioner
D.C.D.C.# 204-884
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1A
Washington, D.C., 20003.

## Certificate Of Service

I hereby certify, verify, that a true and correct copy of the Great Writ of Habeas Corpus was mailed to: Mr. Michael Stover, General Counsel, United States Parole Commission, 5550 Friendship Blvd., Chevy Chase, Maryland, 20815, this 21 day of OCTOBER, 2005, A.D., and Warden Fred E. Figueroa, Custodian, Warden C.C.A. (D.C.) C.T.F., 1901 "E" Street, S.E., Washington, D.C., 20003; this 21 day of OCTOBER 2005, A.D.

Monty Briscoe-El, Pro Se-Petitioner
D.C.D.C. # 208-884
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1A
Washington, D.C., 20003.

Briscoe-El V. Michael J. Gaines, Et Al.

Exhibit (A)