UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTY BRISCOE-EL<br>    a/k/a MONTY L. BRISCOE<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES PAROLE<br>    COMMISSION, *et al.*<br><br>        Respondents. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-2240 (HHK)<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES PAROLE COMMISSION'S MOTION TO DISMISS
PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Parole Commission ("Parole Commission"), by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves to dismiss Petitioner Monty Briscoe-El's *pro se* petition for a writ of habeas corpus. In his petition, Petitioner claims, *inter alia*, that the United States Parole Commission allegedly violated his rights under the Fifth and Sixth Amendments to the United States Constitution by revoking his parole based on false testimony. *See* Petition at 7, 9.

Although Petitioner had the right to administratively appeal the Parole Commission's decision to revoke his parole, he failed to invoke or exhaust that administrative remedy, and instead filed the petition for a writ of habeas corpus that is now pending before this Court. Because Petitioner failed to exhaust his administrative remedies before seeking habeas relief, this Court should dismiss Petitioner's petition.

**PROCEDURAL HISTORY**

On June 10, 1993, Petitioner was sentenced in the Superior Court of the District of Columbia to a 5 to 15 year term of incarceration for armed robbery. *See* Exhibit A. On February

25, 2003, the Parole Commission released Petitioner on parole. However, on September 30, 2005, the Parole Commission revoked Petitioner's parole, citing the following violations of Petitioner's conditions of release: 1) failure to submit to drug testing; 2) use of dangerous and habit forming drugs; 3) violation of special condition (drug aftercare); 4) failure to report to supervising officer as directed; and 5) law violation – assault.[1] *See* Exhibit B at 1 (Notice of Action). In its Notice of Action, the Parole Commission expressly advised Petitioner that its decision to revoke his parole was appealable. *See id.* at 2 (stating that "the above decision is appealable"). That notification was based on Petitioner's right to file an administrative appeal to the National Appeals Board within 30 days of the parole revocation decision, under 28 C.F.R. § 2.105(g) and 28 C.F.R. § 2.26(a)(2).

Despite being notified of his right to file an administrative appeal of the decision, Petitioner did not file such an appeal. *See* Exhibit C (Declaration of P. Dawn Sikkema, Assistant General Counsel, United States Parole Commission). Instead, Petitioner challenged the Parole Commission's decision to revoke his parole by submitting a petition for a writ of habeas corpus to this Court, which this Court received on October 26, 2005 and filed on November 17, 2005.[2] For the reasons set forth below, this Court should grant the Parole Commission's motion to dismiss Petitioner's petition.

---

[1] The Parole Commission relied on Petitioner's admissions in finding violations one through four, above. *See* Exhibit C at 1. In finding violation five (law violation – assault), the Parole Commission relied on an April 19, 2005 police report, an April 22, 2005 violation report, and Ms. Harvin's testimony at the parole revocation hearing. *See id.* at 1-2.

[2] Petitioner was detained in the District of Columbia when he mailed his petition on October 21, 2005 (and when this Court received the petition on October 26, 2005), but was transferred to a federal correctional institution (CI Rivers, in Winton, North Carolina) on November 9, 2005.


**ARGUMENT**

**This Court Should Dismiss Petitioner's Petition For A Writ Of Habeas Corpus Because Petitioner Failed To Exhaust His Administrative Remedies Before Filing the Petition**

It is well established that "[a] prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief in federal court." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*); *see also United States v. Mittelsteadt*, 790 F.2d 39, 41 (7th Cir. 1986) (*per curiam*); *Walters v. United States Parole Commission*, 1987 WL 15927 at *2 n.3 (D.D.C. 1987) (collecting cases). Courts require habeas petitioners to exhaust administrative remedies "because the agency is in a superior position to investigate the facts" underlying the claim for relief. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (*per curiam*) (affirming district court's decision to dismiss the petitioner's petition for a writ of habeas corpus because the petitioner failed to invoke the Federal Bureau of Prisons' administrative procedure for contesting the computation of his release date); *see also Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (noting that the exhaustion rule enables agencies to reexamine their decisions and correct any errors).

This Court should summarily dismiss Petitioner's petition for a writ of habeas corpus because Petitioner failed to exhaust his administrative remedies. The Parole Commission has specific regulations that permit individuals to appeal certain parole decisions (including parole revocation decisions) to the National Appeals Board. *See* 28 C.F.R. § 2.26; *see also Urbina v. Thoms*, 270 F.3d 292 n.1 (6th Cir. 2001) (noting this appeals process, and further noting that "judicial review of a parole commission decision may occur only after exhaustion of available administrative remedies"). Although the Parole Commission notified Petitioner of his right to

appeal the decision to revoke his parole, Petitioner did not do so, and instead filed the habeas petition that is now before this Court. *See* Exhibit B at 2; Exhibit C. Consistent with the exhaustion requirement, this Court now should dismiss Petitioner's petition so that Petitioner may (if he chooses to proceed with his claim for relief) file an appeal with the National Appeals Board and thereby give the Board the opportunity to act on his claims. *See Fuller*, 11 F.3d at 62 (affirming decision to dismiss the petitioner's petition for a writ of habeas corpus for failure to exhaust administrative remedies before the National Appeals Board).[3]

---

[3] The Parole Commission notes that Petitioner had thirty days from September 30, 2005, to appeal the Parole Commission's decision to revoke his parole, and missed his opportunity to file a timely appeal when he did not do so within the thirty day period. However, because the National Appeals Board "may deny the appeal on the ground that it is untimely . . . , or . . . in its discretion, may allow [Petitioner] to file the appeal out of time and rule on the merits" of Petitioner's claims, Petitioner has not shown that it would be futile to appeal the parole revocation decision. *Fuller*, 11 F.3d at 62. *See also id.* (noting that exceptions to the exhaustion requirement apply only in extraordinary circumstances).

**CONCLUSION**

For the foregoing reasons, this Court should grant the Parole Commission's motion to dismiss Petitioner's petition for a writ of habeas corpus.[4]  A proposed order is attached for the Court's review.

                Respectfully submitted,

                KENNETH L. WAINSTEIN
                United States Attorney

                ROBERT D. OKUN (D.C. Bar No. 457-078)
                Chief, Special Proceedings Section

                _____/s/_____
                GEOFFREY CARTER (D.C. Bar No. 460-971)
                Assistant United States Attorney
                Special Proceedings Section
                555 Fourth Street, N.W., Tenth Floor
                Washington, D.C. 20530
                (202) 305-1845

---

[4] The Parole Commission has not addressed the substantive merits of Petitioner's claims because, as noted above, Petitioner's petition should be dismissed due to Petitioner's failure to exhaust his administrative remedies.  However, should this Court deny the Parole Commission's motion to dismiss, the Parole Commission asks the Court to permit it to file a supplemental response at that time that will address the substantive merits of Petitioner's claims.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of February, 2006, a copy of the foregoing pleading was served via U.S. mail on Petitioner Monty Briscoe-El, *pro se*, postage prepaid, at the following address:

Monty Briscoe-El, Register No. 00312 -000
   a/k/a Monty L. Briscoe
CI Rivers
Correctional Institution
P.O. Box 630
Winton, NC 27986

                                        /s/ Geoffrey Carter
                                  ASSISTANT UNITED STATES ATTORNEY