UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTY BRISCOE-EL,

                Petitioner,

   v.

MICHAEL J. GAINES, *et al.,*

                Respondents.

Civil Action No. 05-2240 (HHK)

## MEMORANDUM OPINION

This matter is before the Court on petitioner's petition for a writ of habeas corpus.[1] Having considered the petition and respondents' submission, the Court will deny the petition.

### I.  BACKGROUND

The United States Parole Commission ("Parole Commission") issued a warrant on February 15, 2005 charging petitioner with four technical violations of the conditions of his release on parole.[2] *See* Pet., Ex. B (June 16, 2005 Memorandum); Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus ("Resp't Mot."), Ex. B (September 30, 2005 Notice of

---

[1] Petitioner was incarcerated at the District of Columbia's Central Detention Facility at the time he filed the petition. Although he since has been transferred to the Rivers Correctional Institution in Winton, North Carolina, this Court retains jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. __, __, 124 S.Ct. 2711, 2720 (2004); *Chatman-Bey v. Thornburgh*, 864 F.2d 804. 806 n.1 (D.C. Cir. 1988) ("habeas jurisdiction . . . continues to be in the district where the petitioner was incarcerated at the time the habeas petition was filed").

[2] Petitioner failed to submit to drug testing, used dangerous and habit-forming drugs, violated the drug aftercare special condition, and failed to report to his supervising officer as directed.  Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus, Ex. 2 (September 30, 2005 Notice of Action) at 1.

Action).  Petitioner returned to custody when he reported to the Metropolitan Police Department's First District station on April 19, 2005.  Pet. at 13 & Ex. B (April 19, 2005 Arrest/Prosecution Report).  The Parole Commission did not "see" petitioner until April 25, 2005, however.  Pet. at 13.  Petitioner admitted to all of the charges, and a Parole Commission hearing examiner found probable cause after a hearing on April 26, 2005.  *See* Pet., Ex. B (June 16, 2005 Memorandum).

On June 16, 2005, the Parole Commission supplemented the warrant upon learning that petitioner had been charged with simple assault on September 3, 2004.  Pet., Ex. B (Supplement to Warrant).  Petitioner's former girlfriend, Shelly Renee Harvin, alleged that petitioner caused her to suffer a head injury after a "verbal altercation."  *Id.*, Ex. B (Arrest/Prosecution Report and Affidavit in Support of Arrest Warrant).  After a bench trial on July 11, 2005 at which Ms. Harvin testified, the Superior Court of the District of Columbia found petitioner not guilty of simple assault.   Pet. at 2, 4 & Ex. A (copy of cover page of Superior Court jacket, Case No. DV-1248-05).

On September 14, 2005, the Parole Commission conducted a parole revocation hearing at which Ms. Harvin testified.  *See* Pet. at 5; Resp't Mot., Ex. B (September 30, 2005 Notice of Action).  Based upon her testimony, a Violation Report dated April 22, 2005, and the April 19, 2005 police report, the Parole Commission revoked petitioner's parole.  Resp't Mot., Ex. B at 1.  The Parole Commission rated petitioner's criminal conduct as Category 5 in severity "because it involved assault with bodily injury."  *Id.* at 2.  The National Appeals Board affirmed this decision.  Pet.'s Opp., Attach. (April 18, 2006 Notice of Action on Appeal).  Revocation evidently resulted in petitioner's having to serve another 56 months imprisonment.  *See* Pet. at

13.

Petitioner alleges that the Parole Commission's delay in conducting a revocation hearing was unwarranted, such that alleged violations underlying the February 15, 2005 parole violator warrant "should be vacated or squashed from the record." Pet. at 13. In addition, he contends that the Parole Commission violated his right to due process when it relied upon the perjured testimony of Shelly Renee Harvin who "prejudicially sought to hurt this petitioner out of jealousy and vindictiveness by further promoting <u>knowingly false allegations</u> to <u>revoke</u> this petitioner's parole." *Id*. at 9 (emphasis in original). He demands an order directing the Parole Commission to conduct a new hearing or to release him from custody. *Id.* at 15.

## II.  DISCUSSION

"A parolee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission . . . and who has not been convicted of a new crime, shall, no later than five days from the date of such retaking, be given a probable cause hearing" by a hearing examiner. 28 C.F.R. § 2.101(a). If the examiner determines that probable cause exists, he "shall schedule a local revocation hearing for a date that is within 65 days of the parolee's arrest." 28 C.F.R. § 2.101(d)(2). Petitioner states that he was arrested on April 19, 2005, the date he reported to the police station. The record indicates that neither hearing was conducted timely: petitioner was in custody for approximately seven days before his April 26, 2005 probable cause hearing, and for approximately 148 days before his September 14, 2006 revocation hearing.

The appropriate remedy for the Parole Commission's failure to conduct a timely hearing is not a writ of habeas corpus; rather, the appropriate remedy is afforded by a writ of mandamus to compel the Commission's compliance with its regulations. *See Sutherland v. McCall*, 709

F.2d 730, 732 (D.C. Cir. 1983). Mandamus is not available at this stage, however, because the hearings already have been held.

Habeas corpus relief would be available if petitioner could establish that the Parole Commission's delay in holding the revocation hearing "was both unreasonable and prejudicial." *Sutherland v. McCall*, 709 F.2d at 732; *see Murray v. United States Parole Comm'n*, No. 05-2220, 2006 WL 212144, *2 (D.D.C. Jan. 27, 2006). Petitioner makes no argument, credible or otherwise, to support a conclusion that he suffered any prejudice because of the Parole Commission's delay.

Petitioner's remaining challenge to the parole revocation also fails. Evidently, petitioner concludes from his acquittal on the simple assault charge that the witness, Ms. Harvin, committed perjury both at the bench trial and at the parole revocation hearing. He thus attacks Ms. Harvin's credibility and faults the Parole Commission for having believed her.

"The Parole Commission need only find a violation of parole conditions by a preponderance of evidence." *Alston v. Gaines*, 158 F.Supp.2d 76, 80 (D.D.C. 2001); *see* 28 C.F.R. § 2.105(a). A revocation decision violates due process only if it is "either totally lacking in evidentiary support or [] so irrational as to be fundamentally unfair." *Duckett v. Quick*, 282 F.3d 844, 847 (D.C. Cir.), *cert. denied*, 537 U.S. 863 (2002). Review of the record demonstrates that there was ample evidentiary support for the Parole Commission's decision.

Petitioner admitted to having committed the four technical violations of the conditions of his parole release. *See* Resp't Mot., Ex. B (September 30, 2005 Notice of Action) at 1. Regarding the criminal violation, assault, the Commission had before it the live testimony of Ms. Harvin, a Violation Report and a Police Report. *See id*. at 2. It could have relied on the reports

4

alone. *See Crawford v. Jackson*, 323 F.3d 123, 129 (D.C. Cir.) (reliance on hearsay evidence in the form of a police investigative report at parole revocation hearing not a violation of due process), *cert. denied*, 540 U.S. 856 (2003). Although petitioner had a right to confront and cross-examine Ms. Harvin, *see Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), the record does not indicate whether he exercised or waived this right.

Furthermore, it mattered not that petitioner had been acquitted on the assault charge. The Parole Commission was authorized to consider any relevant information, including facts underlying a criminal charge, in its deliberations. *Crawford v. Barry*, No. 95-7073, 1996 WL 734096, at *1 (D.C. Cir. Nov. 8, 1996) (per curiam) (Parole Board properly relied on criminal charge of which appellant had been acquitted); *Mack v. McCune*, 551 F.2d 251, 254 (10th Cir. 1977) (per curiam) (fact that state court conviction subsequently was overturned did not render improper the Parole Commission's independent determination of criminal conduct based on parolee's admission); *Alston v. Gaines*, 158 F.Supp.2d at 78-80 (upholding revocation of parole based on domestic assault charge even though victim retracted her original complaint); *Barnes v. D.C. Board of Parole*, 759 A.2d 1073, 1075 (D.C. 2000) (Parole Board was permitted to consider facts underlying a murder charge that later was dismissed).

### III.  CONCLUSION

A District of Columbia prisoner is entitled to habeas relief if he establishes that his "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, petitioner has not established that he suffered any prejudice stemming from the Parole Commission's delay in conducting his revocation hearing. Nor has petitioner shown a violation of a constitutionally protected right regarding either his right to confront an adverse

witness or the Parole Commission's consideration of a criminal charge in spite of his acquittal. Petitioner is therefore not entitled to habeas relief, and his petition must be denied. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                                                                         /s/  
                                           HENRY H. KENNEDY, JR.  
                                           United States District Judge

Date: June 20, 2006